## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**EVELYN PRIMAS**                                        \*
**3341 Alabama Avenue, S.E.**
**Washington, D.C. 20020**                              \*


      **Plaintiff,**                              \*

   **vs.**                                          \*        **Civil Action No.**

**THE DISTRICT OF COLUMBIA**                            \*
**SERVE:**    **Hon. Adrian Fenty,**
           **Mayor of the District of Columbia** \*
           **One Judiciary Center**
           **441 Fourth Street, N.W.**              \*
           **Washington, D.C. 20001**

           **Peter Nickels**                       \*
           **Attorney General of the**
             **District of Columbia**
           **441 Fourth Street, N.W.**              \*
           **Washington, D.C. 20001**
                               \*
   **and**
                                \*
**CATHY LANIER,**                                        \*
**CHIEF OF POLICE**
**Metropolitan Police Department**
**(In both her Official and Individual Capacities)**    \*
**300 Indiana Avenue, N.W.**
**Washington, D.C.  20001**                             \*

                                \*

## <u>COMPLAINT</u>

Plaintiff, by and through undersigned counsel, sues Defendants District of Columbia and

District of Columbia Metropolitan Police Department Chief of Police Cathy Lanier and for her

cause of action, states the following:

-1-

## NATURE OF THIS ACTION

1.     This is an action brought under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000(e) *et seq.* ("Title VII"), and the District of Columbia Human Rights Act, D.C.

Code §§ 2-1401 *et seq.*, alleging discriminatory treatment based on race, sex and age while the

Plaintiff was employed by the District of Columbia Metropolitan Police Department.

## JURISDICTION

2.     This Court has jurisdiction over this matter under and pursuant to 28 U.S.C. §

1331.

## VENUE

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because all facts and

circumstances involved in this case occurred in the District of Columbia.

## THE PARTIES

4.     Plaintiff, Evelyn Primas, over forty years of age, was a duly sworn African-

American female Metropolitan Police Official who, at all times relevant herein, was employed by

Defendant District of Columbia as Director of Court Liaison Division of the Metropolitan Police

Department..

5.     Defendant District of Columbia is a municipal corporation organized pursuant to

the laws of the United States.

6.     Defendant Cathy Lanier is the Chief of Police for the Metropolitan Police

Department of the District of Columbia and was, at the time of the incident which gave rise to

this action, in charge of the day to day operations of the Metropolitan Police Department.  She is

being sued in her individual and official capacity.  At all times relevant herein, this Defendant

was acting within the course and scope of her employment with Defendant District of Columbia. Defendant Lanier is an employer for the purposes of the D.C. Human Rights Act, D.C. Code § 2-1401.02(10), and therefore is liable in her individual capacity.

## RELEVANT FACTS

7.      Plaintiff is an African-American woman, over forty years of age who began working for the District of Columbia Metropolitan Police Department ("MPD") in September 1978.

8.      Plaintiff rose through the ranks and became a Commander in 2000.  Plaintiff remained a Career Service employee even in her Commander position,

9.      In 2004, Plaintiff became the Commander in charge of the Court Liaison Division.

10.      Plaintiff  served as Commander in charge of the Court Liaison Division until 2007 without complaints or issues regarding her performance.

11.      On September 13, 2007,  Metropolitan  Police Department Chief of Police Cathy Lanier, a white female, met with Plaintiff and inquired how long she intended to work before retirement.  Plaintiff informed Chief  Lanier that she intended to work another two (2) years. Chief Lanier informed the Plaintiff that effective the fiscal year her position would be downsized to the rank of Captain. Chief Lanier informed the Plaintiff  that she could remain in her position performing the same duties, only with a demotion to the rank of Captain or retire.

12.      On September 18, 2007,  Plaintiff again met with Chief Lanier and Commander Alfred Durham.  Plaintiff understood from Chief Lanier that, if she chose not to take the demotion to Captain, her only other choices were to retire or be terminated.  Plaintiff believed she could not afford to take a two-grade demotion, particularly when she was close to retirment.

Plaintiff knew that she had performed well in the position, had good performance reviews and had engaged in no misconduct. She did not believe she deserved to be terminated when no cause existed to terminate her. Plaintiff was coerced into retiring and did so only under the duress of a two-grade demotion, a demotion she had done nothing to deserve.

13.     Rather than being terminated, Plaintiff retired effective September 29, 2007.

14.     On September 23, 2007, Chief Lanier announced via teletype that Captain Marcus Westover, a younger white male, had been promoted to the rank of Inspector and placed in Plaintiff's position in charge of the Court Liaison Division. The rank of Inspector was between the higher rank of Commander and lower rank of Captain.

15.     On September 25, 2007 Plaintiff wrote Chief Lanier a letter informing her that she believe her actions were discriminatory and a violation of law.

16.     Upon receiving Plaintiff's letter accusing her of discrimination, Chief Lanier attempted to hide her discriminatory actions and informed Plaintiff that she could remain with the police department as an inspector in a less desirable assignment.

17.     At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the its police department in the actions taken relating to the Plaintiff, and was further responsible for the supervision, of the Plaintiff involved through Defendant Lanier, the individual with responsibility for the day to day operations and management of the Metropolitan Police Department.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (Against Defendant District of Columbia)

18.     The Plaintiff adopts and incorporates the allegations of paragraphs 1 through 17 as

if set forth fully herein.

19.     Defendant District of Columbia discriminated against Plaintiff because of her race by removing her from her position as the Director of Court Liaison without cause, deciding to demote her two grades and assigning a less-qualified white male to said position in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Defendant's actions caused Plaintiff to be constructively discharged when she was forced, under duress and involuntarily, to retire.

20.     Defendant's actions in removing Plaintiff from her position as Director of Court Liaison on account of her race were intentional, willful, malicious and done with reckless indifference to her right to seek and remain employed without regard to race or color.

21.     As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered lost wages and benefits, physical and emotional injuries, including emotional distress and mental anguish, humiliation, embarrassment, loss of self-esteem, anxiety, and was otherwise injured.

### COUNT II: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
**(Against Defendant District of Columbia)**

22.     Plaintiff adopts and incorporates the allegations of paragraphs 1 through 21 as if set forth fully herein.

23.     Defendant discriminated against Plaintiff because of her sex removing her from her position as the Director of Court Liaison, deciding to demote her two grades and assigning a less-qualified white male to said position in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendant's actions caused Plaintiff to be constructively discharged when she was forced, under duress and involuntarily, to retire.

24.     Defendant's actions in removing Plaintiff from her position as Director of Court Liaison and deciding to demote her on account of her sex were intentional, willful, malicious and done with reckless indifference to her right to seek and remain employed without regard to her sex.

25.     As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has suffered lost wages and benefits, physical and emotional injuries, including emotional distress and mental anguish, humiliation, embarrassment, loss of self-esteem, anxiety, and was otherwise injured.

### COUNT III: RACE DISCRIMINATION IN VIOLATION OF SECTION 1981
### (Against Defendants District of Columbia and Cathy Lanier)

26.     The Plaintiff adopts and incorporates the allegations of paragraphs 1 through 25 as if set forth fully herein.

27.     42 U.S.C. § 1981 was enacted to secure the freedom to all persons and to protect individuals in the full enjoyment of the rights of person and property by prohibiting all racially motivated discrimination.  The statute applies to racial discrimination, both public and private, as well as to discrimination against aliens.  In addition, the statute is fully applicable to hirings, promotions, dismissals and other terms of employment.

28.     Defendants discriminated against Plaintiff by removing her from her position as the Director of the Court Liaison Division, deciding to demote her and replacing her with a white male who was less-qualified than she.  Defendant's actions caused Plaintiff to be constructively discharged when she was forced, under duress and involuntarily, to retire.

29.     Defendants' actions in removing Plaintiff from her position as Director of Court

Liaison and deciding to demote her on account of her race were intentional, willful, malicious and done with reckless indifference to her right to seek and remain employed without regard to her race.

30.     As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has suffered lost wages and benefits, physical and emotional injuries, including emotional distress and mental anguish, humiliation, embarrassment, loss of self-esteem, anxiety, and were otherwise injured.

### Count IV: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
**(Against Defendant District of Columbia)**

31.     Plaintiff adopts and incorporates the allegations of paragraphs 1 through 30 as if set forth fully herein.

32.     Defendant discriminated against Plaintiff because of her age, by removing her from her position as the Director of Court Liaison, deciding to demote her and assigning a less-qualified younger white male to said position on account of her age violates the provisions of the ADEA, 29 U.S.C. § 623(a).  Defendant's actions caused Plaintiff to be constructively discharged when she was forced, under duress and involuntarily, to retire.

33.     Defendant's actions in refusing to permit Plaintiff to remain in her position as Director of Court Liaison on account of her age were intentional, willful, malicious and done with reckless indifference to her right to seek and remain employed without regard to race or color.

34.     As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has suffered lost wages and benefits, physical and emotional injuries, including emotional

distress and mental anguish, humiliation, embarrassment, loss of self-esteem, anxiety, and were

otherwise injured.

### COUNT V:  RACE, SEX AND AGE DISCRIMINATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT
**(Against Defendants District of Columbia and Cathy Lanier)**

35.     Plaintiff adopts and incorporates the allegations of complaint paragraphs 1

through 34 as if fully restated herein.

36.  The District of Columbia Human Rights Act, D.C. Code § 2-1402.11, makes it

unlawful for an employer to discriminate against employees in the terms or conditions of

employment on the basis of race, color, religion, national origin, sex, age, marital status, personal

appearance, sexual orientation, family responsibilities, disability, matriculation or political

affiliation.

37.     Both Defendant District of Columbia and Cathy Lanier are considered employers

as that term is defined in D.C. Code § 2-1402.02(10).

38.     Plaintiff's  terms, conditions and privileges of employment were adversely

affected by Defendants' actions that subjected Plaintiff to discriminatory treatment based on her

race, sex, and age when Defendants removed Plaintiff from her position as Director of Court

Liaison Division, decided to demote Plaintiff, and replaced Plaintiff with a younger, white male

who was less-qualified than Plaintiff for the position.  Defendant's actions caused Plaintiff to be

constructively discharged when she was forced, under duress and involuntarily, to retire.

39.     As a direct and proximate result of Defendants' discriminatory practices, and total

disregard of the applicable human rights laws in the District of Columbia, Plaintiff has suffered

lost wages and benefits, physical and emotional injuries, including emotional distress and mental

anguish, humiliation, embarrassment, loss of self-esteem, anxiety, and were otherwise injured.

## COUNT VI: WRONGFUL DISCHARGE CONTRARY TO
## DISTRICT OF COLUMBIA LAW AND PUBLIC POLICY
### (Against Defendants District of Columbia and Cathy Lanier)

40.    Plaintiff adopts and incorporates the allegations of paragraphs 1 through 39 as if set forth fully herein.

41.    The acts described above constitute the wrongful and constructive discharge of Plaintiff in violation of the public policy of the District of Columbia.

42.    Defendants malicious and wrongful acts of intimidation, harassment, discrimination and retaliation against Plaintiff were carried out with an intentional indifference and disregard for reasonable standards of conduct and/or with the purposeful intention of making Plaintiff's work environment intolerable and unbearable, by offering her to remain with the police department in a less desirable position.

43.    Defendant gambled that by offering the Plaintiff a less desirable position that she would refused said assignment be forced to resigned to protect her retirement and other benefits.

44.  As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has suffered lost wages and benefits, physical and emotional injuries, including emotional distress and mental anguish, humiliation, embarrassment, loss of self-esteem, anxiety, and were otherwise injured.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

## REQUESTED RELIEF

WHEREFORE,  Plaintiff demands judgment against the Defendants as follows:

a)      Assign this case for trial at the earliest practicable date;

b)      Enter declaratory judgment against Defendant in favor of Plaintiff finding

        Defendant's conduct to be in violation of Title VII of the Civil Rights Act of

        1964, the D.C. Human Rights Act, the Age Discrimination in Employment Act,

        Section 1981, and District of Columbia public policy;

c)      Compensatory damages in an exact amount to be determined at trial but in no

        event less than one million dollars ($1,000,000.00)

d)      Punitive damages in the amount of one million dollars ($1,000,000.00)

e)      Award Plaintiff reasonable attorney's fees and costs as provided by law; and

f)      Award Plaintiff all other legal or equitable relief to which she may be entitled.

                        Respectfully submitted,


                        _____/s/_____
                        Ted J. Williams [414758]
                        Law Offices of Ted J. Williams
                        1200 G Street, N.W.
                        Suite 800
                        Washington, D.C.  20005
                        Tel.:   (202) 434-8744
                        Fax:    (202) 347-3378


                        _____/s/_____
                        Leslie Deak [PA0009]
                        Law Offices of Leslie Deak
                        1200 G Street, N.W.
                        Suite 800, No. 099
                        Washington, D.C.  20005
                        Tel.:   (512) 322-3911
                        Fax:    (512) 322-3910

                        ATTORNEYS FOR PLAINTIFF PRIMAS


-10-