UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EVELYN PRIMAS,)
)
Plaintiff,)
)
v.) Civil Case No. 09-2317 (RJL)
)
DISTRICT OF COLUMBIA, *et al.*,)
)
Defendants.)

MEMORANDUM OPINION
(June /9, 2010) [#9]

Plaintiff, Evelyn Primas ("plaintiff"), brought this action against defendants District of Columbia ("the District") and the Chief of the Metropolitan Police Department Cathy Lanier ("Chief Lanier") (collectively, "defendants"), alleging discrimination based on race, sex, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 *et seq.* On February 23, 2010, defendants moved for partial dismissal of the complaint. Upon consideration of the pleadings, the relevant law, and the entire record herein, the Court GRANTS defendants' motion.

# BACKGROUND[1]

Plaintiff, an African-American woman over the age of forty, is a former Metropolitan Police Official and former employee of the District. Am. Compl. ¶4. She began working for the District's Metropolitan Police Department ("MPD") in September 1978 and rose through the ranks until she was ultimately promoted to Commander in the Court Liaison Division in 2004. *Id.* ¶¶7-9.

On September 13, 2007, Chief Lanier met with plaintiff and inquired how long she intended to work before retirement. *Id.* ¶11. Plaintiff informed her that she intended to work another two years. *Id.* In response, Chief Lanier informed her that her position was going to be downsized two levels to the rank of Captain. *Id.* Plaintiff was advised by Chief Lanier that she could remain in her job and retain her duties, but would have to be demoted two levels to the Captain rank. *Id.* On September 18, 2007, plaintiff met again with Chief Lanier and learned further that if she chose not to take the demotion, she could either retire or be terminated. *Id.* ¶12. Believing that "she could not afford to take a two-grade demotion, particularly when she was close to retirement," plaintiff retired effective September 29, 2007. *Id.* ¶¶12-13.

On September 23, 2007, Chief Lanier announced that Captain Marcus Westover, a younger, white male, had been promoted to Inspector, the rank in between Captain and Commander, and placed in plaintiff's position in charge of the Court Liaison Division. *Id.* ¶14. On September 25, 2007, plaintiff wrote a letter to Chief Lanier informing her

---

[1] Because the defendants' Motion to Dismiss is currently before the Court, the Court recounts the facts as depicted by plaintiff.

that plaintiff believed her actions were discriminatory and illegal. *Id.* ¶ 15. Plaintiff then filed a timely complaint with the Equal Employment Opportunity Commission and received a right-to-sue letter dated September 14, 2009. *Id.* ¶ 18. Plaintiff filed this suit on December 7, 2009.

## LEGAL STANDARD

A court may dismiss all or part of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss made pursuant to Rule 12(b)(6), a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). But, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the factual allegations need not be detailed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). Factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Id.*

3

## DISCUSSION

Defendants seek dismissal on the following claims: (1) plaintiff's DCHRA claims against the District; (2) her official capacity suit against Chief Lanier; and (3) her claims for punitive damages against both the District and Chief Lanier. For the reasons discussed below, those claims are dismissed.

### 1. *DCHRA Claims Against the District*

Defendants contend and plaintiff concedes that plaintiff failed to provide the appropriate notice for her claims arising under DCHRA, as required by D.C. Official Code § 12-309. Def. Mot. at 5-7; Pl. Opp'n at 1. Accordingly, plaintiff's claims brought pursuant to the DCHRA against the District are dismissed.

### 2. *Official Capacity Claim Against Chief Lanier*

Defendants also argue that plaintiff's official capacity suit against Chief Lanier is redundant of her suit against Chief Lanier's employer, the District. Government officials sued in their official capacities are not personally liable for damages. *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Thus, where a suit has been filed against both a government employee and the municipality, as in the instant action, the claim against the employee in her official capacity merges with the claim against the municipality itself. *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997) (citing *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995)). Thus, the official capacity claims may be dismissed as they are "redundant and an inefficient use of judicial resources." *Id.* (citations omitted). Because plaintiff has filed a suit against both Chief Lanier and Chief Lanier's employer,

the District, plaintiff's claim against Chief Lanier in her official capacity is repetitive of her claim against the District. Accordingly, plaintiff's claim against Chief Lanier in her official capacity is dismissed.

### 3. *Availability of Punitive Damages*

Plaintiff seeks $1,000,000 in punitive damages. Am. Compl. at 8. However, she concedes that she cannot sustain her claim for punitive damages against the District, and therefore that claim is dismissed. Pl. Opp'n at 1.

Defendants also argue that plaintiff has failed to state a claim entitling her to punitive damages from Chief Lanier, and the Court agrees. Plaintiff's remaining claim against Chief Lanier is her individual-capacity DCHRA claim. Punitive damages are available in discrimination cases under the DCHRA "subject only to the general principles governing any award of punitive damages." *Daka, Inc. v. Breiner*, 711 A.2d 86, 98 (D.C. 1998) (citation omitted). But, an award of punitive damages requires a showing of actual malice or evil motive. *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 372 (D.C. 1993). As defendants point out, plaintiff's Amended Complaint fails to allege facts showing that Chief Lanier acted with the actual malice or evil motive necessary to sustain her claim for punitive damages. Accordingly, plaintiff's claim for punitive damages against Chief Lanier is dismissed.

## CONCLUSION

Thus, for the foregoing reasons, defendants' motion for partial dismissal of the complaint is GRANTED.

RICHARD J. LEON
United States District Judge